# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AVIATION INSURANCE SERVICES OF NEVADA, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>LESLIE DEWALD, *et al.*,<br><br>    Defendants. | Case No. 2:10-cv-01536-LDG (LRL)<br><br>**ORDER** |

Plaintiffs Aviation Insurance Services of Nevada, Inc., Aviation Insurance Holdings, Inc., Ronald A. Hill, and Teresa K. Heckart move to seal this entire case (## 5, 17). Defendants Leslie DeWald and Ascend Insurance Resources, Inc. oppose the motion (#19).

The parties agree that there is a well-established common law right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications,* 435 U.S. 589, 597 (1978). Nevertheless, courts have authority to exercise their discretion to seal documents and to set limits upon access to records and files. "[A]ccess to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept

secret for important policy reasons.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir.1989)). As summarized by the Ninth Circuit in *Kamakana*:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. That is, the party must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.

447 F.3d at 1178-79 (internal quotations and citations omitted).

The specific facts proffered by the plaintiffs in support of their motion (and which this Court specifically finds) are that (a) the parties were involved in prior litigation, (b) the parties entered into a Confidentiality Agreement in that prior litigation, which agreement was entered as an Order by the Court, (c) the parties settled that prior litigation, and their Settlement Agreement reaffirmed the Confidentiality Agreement, and (d) pursuant to the stipulation of the parties, the Court sealed the entire prior litigation subsequent to its settlement.

The plaintiffs argue that the subject of the prior dispute and the present dispute involve the operation, control, ownership, and financial condition of insurance brokerages, that the business of aviation insurance is highly competitive, and the potential for damage to the parties in airing their dispute in public is great, while the legitimate interest of the public is very limited. To the extent these arguments are intended as allegations of fact, they are unsupported. Thus, the Court cannot enter any specific finding of fact as to these arguments. To the extent that these arguments are intended as compelling reasons for sealing this matter, the plaintiffs have not proffered facts to support these reasons.

The parties did enter into a Confidentiality Agreement in the prior litigation. While that agreement covered "Confidential discovery materials and information produced in

[that] litigation, of any kind or nature whatsoever," the agreement specifically defined "Confidential Information" to mean "any discovery materials produced in this Litigation after the date of the parties' execution of this Stipulation and Order that are designated and marked by any party as 'Confidential Information.'" The agreement further provided that, for a party to make such a designation, "the designating party must have a reasonable, good faith belief that the discovery materials so designated fall within Federal Rule of Civil Procedure 26(c)(7)."   The Confidentiality Agreement did not render all information or discovery confidential, but only that information or discovery as to which the designating party had a reasonable, good faith belief that the materials fell within then-Rule 26(c)(7). Such an agreement does not preclude disclosure of a dispute merely because *the airing of the dispute* in public may potentially damage the business of the parties.  Rather, and at most, the Confidentiality Agreement precluded the airing of specific information that would constitute a trade secret or other *confidential* research, development or commercial information.

      The Court would further note that, as to the interest of the public, the Ninth Circuit's instruction that a strong presumption favors access of the general public establishes that the legitimate interest of the public is not limited but is strong.

      Finally, to the extent that the Plaintiffs' argue that this matter should be sealed because the Court sealed the entire record in the prior litigation, such argument is without merit.  The Plaintiffs' argument has required the Court to re-visit its Order in the prior litigation sealing the record of that litigation.  In so doing, the Court notes that the Order was entered pursuant to the agreement of parties set forth in their Settlement Agreement. The Court relied upon the agreement of the parties, and did not make specific factual findings that would support compelling reasons to seal the entire record.  Plaintiffs' current reliance upon that prior Order suggests that the Court re-visit and vacate the prior Order as improvidently entered.  The mere agreement of the parties to seal the record was

1  insufficient to support the sealing of the entire record.  Accordingly, the Court will order the
2  Plaintiffs and the Defendants to show cause why the entire record of the prior litigation
3  should remain sealed.  The Court recognizes that, as the prior litigation is presently sealed,
4  it will be appropriate for the parties to file their responses to this show cause order under
5  seal.  Nevertheless, if the Court determines that the prior litigation should not remain
6  sealed, the Court will unseal the responses to this show cause order unless the parties
7  identify specific information in their responses that cannot be disclosed pursuant to the
8  Confidentiality Agreement.

9  The parties were able to litigate the prior matter even though the prior matter was
10  not sealed during the litigation.  The parties were able to enter into a Confidentiality
11  Agreement that was sufficient to protect the information and discovery covered by that
12  agreement.  In the present matter, if some information merits protection, then the exhibits
13  containing that information can be sealed.  If a paper must recite information that should be
14  sealed, a redacted copy of the paper can be filed publicly, and a complete version of the
15  paper can be filed under seal.

16  The Court would note that Plaintiffs have filed numerous documents under seal
17  although an order sealing this case has not been entered, the Court has not entered a
18  protective order governing this matter, and the Plaintiffs have not indicated how the
19  information contained in papers or in exhibits is covered by the Confidentiality Agreement
20  of the prior litigation.  In reviewing several of these documents, it is not apparent to the
21  Court that these documents disclose information that is subject to the prior Confidentiality
22  Agreement.  Accordingly, the Court will require that Plaintiffs show cause why each of the
23  papers and exhibits they have filed under seal should remain sealed.  For each paper or
24  exhibit Plaintiffs contend should remain sealed, Plaintiffs are directed to specifically identify
25  each item of information in the document or exhibit that they contend should be sealed, the
26  compelling reasons to seal that information, and specific facts supporting the compelling

reasons to seal the information. The Court recognizes that, in their arguments to show cause, the Plaintiffs may need to specifically explain why information is subject to the prior Confidentiality Agreement and that such an explanation would necessarily disclose that information. Further, the defendants will need to respond to these arguments prior to a determination whether the information should or should not be sealed. As such, at this time the parties shall file their responses to the show cause order under seal.

Therefore, for good cause shown,

THE COURT **ORDERS** that Plaintiffs' Motions to Seal (## 5, 17) are DENIED.

THE COURT FURTHER **ORDERS** that, not later than 15 days from the entry of this Order, Plaintiffs and Defendants shall SHOW CAUSE why the entire record in Case No. 2:06-cv-1461-LDG (LRL) should remain sealed. The parties are to file their responses to this SHOW CAUSE order under seal.

THE COURT FURTHER **ORDERS** that, not later than 15 days from the entry of this Order, Plaintiffs SHOW CAUSE as to each paper and exhibit they have filed under seal in the present litigation as to why the document should remain under seal. Defendants may file a response not later than 7 days after the Plaintiffs file and serve their response. The parties are to file their responses to this SHOW CAUSE order under seal.

DATED this ___5___ day of April, 2011.

_____
Lloyd D. George
United States District Judge

5