# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AVIATION INSURANCE SERVICES OF NEVADA, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>LESLIE DEWALD, *et al.*,<br><br>    Defendants. | Case No. 2:10-cv-01536-LDG (LRL)<br><br>**ORDER** |

Plaintiffs Aviation Insurance Services of Nevada, Inc., Aviation Insurance Holdings, Inc., Ronald A. Hill, and Teresa K. Heckart brought this action against Defendants Leslie DeWald and Ascend Insurance Resources, Inc. The plaintiffs allege that the defendants, by claiming the plaintiffs "are responsible for infusing $687,148.67 cash in Ascend," breached the Settlement Agreement of prior litigation between the parties. The defendants filed counterclaims, alleging the plaintiffs breached the Settlement Agreement by under-funding Ascend's Premium Trust Account and by withholding or falsifying documents that would have revealed the under-funding. The plaintiffs now move for summary judgment (#16), move to strike DeWald's affidavit filed as an exhibit to defendants' opposition (#26), and move to dismiss the defendants' counterclaims (#24). Having considered the record,

the Court will dismiss defendants' counterclaim for fraud without prejudice, but will deny the remainder of plaintiffs' motions.

Motion to Dismiss

The plaintiffs' motion to dismiss the counterclaims, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the defendants' counterclaims state "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a party must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a [party's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

2

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

A heightened pleading standard, however, applies to claims for fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b). Paragraph 44 generally alleges that the plaintiffs misrepresented that Ascend's Premium Trust Account was adequately funded pursuant to Nevada law. In opposing the motion to dismiss, the defendants do not direct the Court's attention to any specific allegations of fact in their counterclaims that describe with particularity the circumstances of these misrepresentations. Accordingly, the Court will dismiss the defendants' counterclaim for fraud without prejudice.

The plaintiffs' single paragraph argument that defendants' counterclaim for breach of contract should be dismissed borders on the frivolous. The counterclaim plainly alleges that, pursuant to the Settlement Agreement, plaintiffs were to fully and legally fund Ascend's Premium Trust Account, that the plaintiffs transferred the amount of $1,654,544.60 to fund Ascend's Premium Trust Account, but that the amount transferred by plaintiffs underfunded Ascend's Premium Trust Account by $687,148.67. These allegations more than plausibly allege that defendants' underfunding of Ascend's Premium Trust Account was in breach of the Settlement Agreement.

<u>Motion for Summary Judgment</u>

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there

3

are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro.

4

56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The plaintiffs' evidence defeats their motion for summary judgment. The plaintiffs argue that defendants released all claims to the financial state of Ascend's predecessor, AIS-Utah. The plaintiffs submit a copy of the March 31, 2008, Settlement Agreement. They further submit an August 13, 2010, letter from defendants' counsel, regarding "a shortage in the funding of a Premium Trust Account they received from [plaintiffs] as part of the settlement of prior litigation." The letter asserts that "the reports of Vertafore's Agency Management System ('AMS 360') automatically generated as of March 31, 2008, have been independently verified as accurate, indicating a shortfall of $687,148.67.

In response, plaintiffs' counsel does not dispute that, pursuant to an obligation created by the settlement of the prior litigation, the plaintiffs funded Ascend's Premium Trust Account. Neither does plaintiffs' counsel dispute that defendants determined the March 31, 2008, balance of the Premium Trust Account to be $2,341,693.27, but that plaintiffs had instead transferred $1,654,544.60 to fund the Premium Trust Account. The plaintiffs' counsel asserts, however, that the defendants' conclusion of a shortfall of $687,148.60 was erroneous. In support, plaintiffs' counsel suggests that:

    a)    the defendants' analysis was not performed by a CPA,

    a)    the Statement of Premium Trust Account created by the AMS software has known issues or glitches, and

    b)    there are additional errors in the March 2008 Statement of Premium Trust, though counsel identified only a single item in the amount of $97,297.00.

Absent from the response of plaintiffs' counsel is any assertion that, after accounting for all software issues and glitches and all other errors, the March 31, 2008, balance of Premium Trust Account was equal to or less than $1,654.544.60. Also absent from the response is any assertion that the amount plaintiffs' transferred to fund Ascend's Premium Trust Account was equal or greater than the balance of Ascend's Premium Trust Account.

Indeed, absent from any document filed by plaintiffs is an assertion or representation that, pursuant to the terms of the Settlement Agreement, they fully funded Ascend's Premium Trust Account. Construed in the light most favorable to the non-moving parties, the evidence shows that, pursuant to the settlement of the prior litigation, the plaintiffs had an obligation to fund Ascend's Premium Trust Account in an amount greater than $1,654,544.60. Subsequent to the signing of the Settlement Agreement, the plaintiffs partially complied with this obligation by funding Ascend's Premium Trust Account in the amount of $1,654,544.60. Upon obtaining additional documents from plaintiffs in 2010 (which plaintiffs were obligated to provide to defendants pursuant to the Settlement Agreement), the defendants determined that the balance of the Premium Trust Account on March 31, 2008, was greater than $1,654,544.60 (and thus, that the plaintiffs' obligation to fund the Premium Trust Account was greater than $1,654,544.60). The defendants then requested that plaintiffs fully comply with their obligation to fund Ascend's Premium Trust Account by transferring the shortfall.

In short, the evidence (when construed in favor of the non-moving parties) does not show, as a matter of law, that defendants raised a claim of AIS-Utah's financial condition. Rather, the evidence shows that defendants raised a claim that plaintiffs are in breach of the settlement agreement, and requested plaintiffs to remedy that breach.

Therefore,

1    THE COURT **ORDERS** that Plaintiffs' Motion to Dismiss (#24) is GRANTED without
2 prejudice as to Defendants' Counterclaim for fraud, and is DENIED as to Defendants'
3 remaining claims;
4    THE COURT FURTHER **ORDERS** that Plaintiffs' Motion for Summary Judgment
5 (#16) is DENIED;
6    THE COURT FURTHER **ORDERS** that Plaintiffs' Motion to Strike (#26) is DENIED.

DATED this _____ day of April, 2011.

_____
Lloyd D. George
United States District Judge